IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
February 10, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

| | |
|---|---|
| **CHRIS WIMMER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 7:25-cv-599 |
| **NEW MILLENNIUM BUILDING** ) | |
| **SYSTEMS, LLC,** ) | By:   Michael F. Urbanski |
| ) | Senior United States District Judge |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the court on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) filed by defendant New Millennium Building Systems ("NMBS"). Mot., ECF No. 5. The complaint filed by plaintiff Chris Wimmer alleges that he was wrongfully terminated from his position at NMBS for raising safety concerns about the way a load was being handled. Compl., ECF No. 1-1. Wimmer alleges in Count I that his termination was unlawful retaliation in violation of Virginia's Whistleblower Protection Statute, Virginia Code § 40.1-27.3. In Count II, Wimmer alleges that his termination violated the anti-discrimination provision of Virginia's employee safety protection laws codified at Virginia Code § 40.1-51.2:1.

In its motion to dismiss, NMBS argues that the remedy provided in the safety statute, Va. Code § 40.1-51.2:1, is exclusive, precluding Wimmer's claim under the Whistleblower Protection Statute alleged in Count I. NMBS also argues that Wimmer's complaint should be dismissed at the pleading stage for failing to specify the violation of law necessary to maintain

1

a whistleblower claim under Count I or the safety violation necessary to maintain a claim under Count II.

For the reasons that follow, the motion to dismiss will be **GRANTED** as to Count I without prejudice and **DENIED** as to Count II. Plaintiff will be given an opportunity to amend his complaint as to Count I.

## FACTUAL BACKGROUND

NMBS is a metal fabricator that builds steel joists and decks. Chris Wimmer had been employed at NMBS's Salem, Virginia plant since December 1998. ECF No. 1-1 ¶ 6. Wimmer worked as a welder before he was promoted to the position of Quality Control Supervisor in 2016. Id. ¶¶ 19, 21. As Quality Control Supervisor, Wimmer led a team of approximately 15 Welding Inspectors, regularly met with the American Welding Society and Steel Deck Institute to evaluate quality standards and helped to develop and audit the company-wide quality control manual. Id. ¶¶ 24-27. Wimmer alleges that he "consistently received high praise and promotions throughout his career." Id. ¶ 20.

Wimmer alleges that on or around July 2, 2024 he "observed another employee engaging in a practice that he believed was both an OSHA violation, VOSH violation, and workplace safety issue." Id. ¶ 36. He alleges saw an employee standing next to an unsecure load on the unprotected side of a forklift. Wimmer believed that there was a high risk that the unsecured load could fall, and that it could fall on the employee standing beneath it. Id. ¶¶ 40-41. Wimmer alleges that he and a colleague approached the traffic supervisor on shift and notified him of their safety concerns. Id. ¶ 45.

Wimmer alleges that on July 8, 2024, NMBS told him that he was being investigated for "harassment and targeting an employee." Id. ¶ 46. The targeted employee in question was the employee that Wimmer had seen "engaging in a potential safety violation." Id. ¶ 47.

Wimmer further alleges that on July 9, 2024, he met with the General Manager, Production Manager, and three other employees of NMBS to "discuss the situation." Id. ¶ 48. Wimmer alleges that he was interrogated and berated, in the Manager's attempt to "force [Wimmer] to admit that he bullied the employee against whom he brought the safety complaints." Id. ¶ 50. After this interaction, Wimmer alleges that he was suspended. Id. ¶¶ 51-57. He alleges that two other employees were also placed on suspension while the matter was being investigated. Id. ¶ 60.

Wimmer alleges that on July 9, 2024, he emailed the NMBS Corporate office. Id. ¶ 58. His email described three safety items of concern, along with a concern that these safety items were not being addressed. Id., Ex. 1. In the email, Wimmer also said that this was not the first time that he had "been pulled into a Management Team member's office and felt threatened and intimidated for speaking up about safety." Id. Wimmer alleges that during the investigation, he recommended a safer procedure for heavy loads that would take more time. Id. ¶ 62.

Wimmer was terminated from his job at NMBS on August 2, 2024. Id. ¶ 66. He alleges that the reason he was given for his termination was for "unsatisfactory performance," being "argumentative during the investigation," and "lack of candor and honesty during the investigation." Id. ¶ 67. Wimmer alleges that he was never told that his performance or attitude were an issue during his 25 years at the company. Id. ¶ 68. Neither of the other two employees

3

suspended during the investigation were terminated, and NMBS implemented a change to the loading procedures based on his recommendation. Id. ¶¶ 70-71. Wimmer alleges that he was terminated for identifying safety concerns at the plant in good faith. Id. ¶ 72.

Before filing suit, Wimmer filed a complaint with the Virginia Occupational Safety and Health Program (VOSH). Id. ¶ 10. In July 2025, VOSH provided Wimmer notice that it had administratively closed its investigation. Id. ¶ 11. This case was filed in the Circuit Court for the City of Roanoke on July 31, 2025, ECF No. 1-1, and removed to federal court on August 28, 2025. ECF No. 1.

### STATUTORY AND REGULATORY BACKGROUND

Wimmer makes two claims under Virginia Code §§ 40.1-27.3 (Count I) and 40.1-51.2:1 (Count II).

Count I alleges that Wimmer was terminated in retaliation for the OSHA and VOSH complaints he made, in violation of Virginia Code § 40.1-27.3.

The statute provides:

> A. **An employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action** regarding an employee's compensation, terms, conditions, location, or privileges of employment, because the employee:
>
> > 1. Or a person acting on behalf of the employee **in good faith reports a violation of any federal or state law or regulation to a supervisor** or to any governmental body or law-enforcement official;
>
> […]
>
> C. A person who alleges a violation of this section may bring a civil action in a court of competent jurisdiction within one year of the

4

>employer's prohibited retaliatory action. The court may order as a remedy to the employee (i) an injunction to restrain continued violation of this section, (ii) the reinstatement of the employee to the same position held before the retaliatory action or to an equivalent position, and (iii) compensation for lost wages, benefits, and other remuneration, together with interest thereon, as well as reasonable attorney fees and costs.

Va. Code § 40.1-27.3 (emphasis added).

Count II alleges that Wimmer's termination violated Virginia Code § 40.1-51.2:1. The statute provides:

>**No person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint** or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others.

Va. Code § 40.1-51.2:1 (emphasis added). Virginia Code § 40.1-51.2:2 provides a remedy for a violation of this provision.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations, which, if accepted as true, "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

5

When ruling on a motion to dismiss, the court accepts "the well-pled allegations of the complaint as true" and "construe[s] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). While the court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A court need not accept as true "'legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement, . . . unwarranted inferences, unreasonable conclusions, or arguments.'" Richardson v. Shapiro, 751 F. App'x 346, 348 (4th Cir. 2018) (quoting Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009)) (internal quotation marks omitted). Thus, a complaint must present sufficient nonconclusory factual allegations to support a reasonable inference that the plaintiff is entitled to relief and the defendant is liable for the unlawful act or omission alleged. See Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009) (affirming dismissal of claim that simply stated a legal conclusion with no facts supporting the allegation); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim.") (quoting Iqbal, 556 U.S. at 679).

## DISCUSSION

In its motion to dismiss, NMBS asserts: (1) Wimmer fails to state a claim under Virginia's Whistleblower Protection Law (Count I) because Virginia Code §§ 40.1-51.2:1-51.1:2 "provide the exclusive remedy for workplace safety complaints"; (2) Wimmer fails to

6

allege sufficient facts to show that NMBS's practice violated federal or state law, as required by Virginia Code § 40.1-27.3; and, as to Count II, that (3) Wimmer has not pled sufficient facts to show how NMBS's alleged practices violate the "safety and health" provisions of Title 40.1 of the Virginia Code. Mot., ECF No. 5.

For the reasons discussed herein, the court **GRANTS** NMBS's motion to dismiss as to Count I and **DENIES** NMBS's motion to dismiss as to Count II.

### I.  Count I: Virginia Whistleblower Protection Law, Virginia Code § 40.1-27.3.

Wimmer alleges that he was terminated from his position in retaliation for reporting what he believed were violations of OSHA and VOSH to his supervisors and NMBS, in violation of the Virginia Whistleblower Protection Statute. ECF No. 1-1 ¶ 74. In its motion to dismiss, NMBS argues that (1) Wimmer is limited to the exclusive administrative remedies available under the Virginia Code § 40.1-51.2:2; and (2) Wimmer has failed to plead facts that would show how the alleged practice violated a federal or state law. Mem., ECF No. 6 at 3-5. NMBS argues that plaintiffs under the Virginia Whistleblower Protection Statute must show a specific violation of a federal or state law. ECF No. 6 at 4 (citing Ellston v. LeHew, 2025 WL 952259, at *6 (W.D. Va. Mar. 28, 2025)).

The elements of a retaliatory discharge claim under Virginia law are that the employee: (1) made a good faith report of a federal or state violation to a supervisor, (2) was discharged by [his] employer, and (3) the report was the "but for" cause of their discharge." See Chamberlain-Loving v. Renal Treatment Centers-Mid-Atl., Inc., 787 F. Supp. 3d 211, 217 (E.D. Va. 2025). Wimmer's allegations are sufficient to meet the second and third elements.

7

The question presented in NMBS's motion to dismiss is whether Wimmer sufficiently alleges the first element.

To make a good faith report in a § 40.1-27.3 claim, a plaintiff need not show that "the underlying report of unlawfulness was in fact meritorious…[i]nstead, a plaintiff must only allege that they 'subjectively and reasonably believed that [their] employer was engaged in unlawful [conduct]." Chamberlain-Loving, 787 F. Supp. 3d at 218 (citing Wood v. Bristol Va. Util. Auth., 661 F. Supp. 3d 538, 550 (W.D. Va. 2023). A plaintiff needs to "allege facts sufficient to show that he reported something objectively resembling 'a violation of any federal or state law or regulation." Workman v. LHC Grp., Inc., No. 1:23-CV-048, 2025 WL 474923, at *5 (W.D. Va. Feb. 12, 2025)(quoting Colquitt v. Bon Secour Mercy Health, No. 4:21-cv-053, 2022 WL 479093, at *5 (E.D. Va. Feb. 16, 2022), aff'd, No. 22-1288, 2022 WL 17848949 (4th Cir. Dec. 22, 2022)).

In order to maintain an actionable whistleblower claim, "plaintiff must allege that he reported conduct he both subjectively and reasonably believed to be unlawful. To satisfy the objective reasonableness component of this analysis, . . . a report must be rooted in specific violations of law." Workman, No. 1:23-CV-048, 2025 WL 474923, at *5.

Here, Wimmer alleges that he "observed another employee engaging in a practice that he believed was both an OSHA violation, VOSH violation, and workplace safety issue." Compl., ECF No. 1-1 ¶ 36. In the remaining 36 paragraphs of alleged facts, Wimmer describes the unsecured load he observed, his communications with management over his safety concerns regarding the way the load was being handled, the ensuing investigation, and his ultimate termination. None of those paragraphs indicates that any law or regulation was

8

violated in that loading procedure. Indeed, Wimmer's email to management about his safety concerns, attached as Exhibit 1 to the complaint, makes no mention of a violation of state or federal law or regulation. Rather, with the exception of the conclusory allegations in paragraphs 36, 74, and 83, Wimmer's complaint alleges no facts to suggest that a law or regulation was being violated and that he complained to NMBS management about it. Thus, while the allegations of the complaint sufficiently establish that Wimmer raised a safety concern with NMBS, the complaint fails to allege facts sufficient to plausibly support his claim that he acted as a whistleblower as regards a violation of a law or regulation.

In similar circumstances, other courts have dismissed vague whistleblower claims. Petersen v. DC Mech., LLC, No. 1:22-cv-784, 2022 WL 22695554, at *4 (E.D. Va. Aug. 24, 2022); Chenault v. RBI Corp., 108 Va. Cir. 529, 2021 WL 8776245, at *2 (Oct. 22, 2021); and Colquitt v. Bon Secour Mercy Health, 2022 WL 479093, at *5.

In each of these cases, the court found plaintiff's complaint of illegal conduct to be too vague. In Petersen, plaintiff made reports of "unlawful, unethical practices." The Eastern District of Virginia held that plaintiff had "not alleged sufficient facts showing that the reports he made of 'unlawful, unethical practices' were reports about violations of federal or state law." Petersen, 2022 WL 22695554, at *4. In Chenault, a Virginia Circuit Court sustained a demurrer as to a Virginia Code § 40.1-27.3 retaliation claim where plaintiff alleged that he "voiced concerns" over a company's compliance with CDC mandates to mitigate pandemic exposures like wearing masks. "The allegations of 'voicing concerns' or 'objecting to a cavalier attitude' are simply not enough to support a claim that Plaintiff in good faith reported a violation to a supervisor." Chenault, 2021 WL 8776245, at *2. In Colquitt, the Eastern District

9

of Virginia deemed complaints of "misconduct" and "unethical practices" insufficient to entitle plaintiff to the protections of Virginia Code § 40.1-27.3.

As in those cases, Wimmer's allegations fail to sufficiently allege that he reasonably believed that the unsafe loading procedure he witnessed violated a law or regulation and that he complained to NMBS about a violation of law or regulation. Instead, throughout the factual allegations of his complaint, Wimmer alleges that he raised safety "concerns," "issues," or "complaints." Wimmer's email to his supervisors, attached to the complaint, speaks of "safety concerns" but makes no mention of a legal violation. Id., Ex. 1. Except in a conclusory fashion in paragraphs 36, 74, and 83, Wimmer's complaint is devoid of any facts supporting his claim that he was terminated because he raised a violation of a law or regulation. As alleged, Count I fails to state a claim that Wimmer reasonably believed and complained about a violation of law or regulation resulting in his termination. As such, the court will **GRANT** the motion to dismiss Count I without prejudice, and will permit Wimmer to file an amended complaint sufficiently alleging facts supporting his claim that Virginia Code § 40.1-27.3 was violated.

Because the court grants the motion to dismiss as to Count I on these grounds, it need not address at this time NMBS's argument that Va. Code §§ 40.1-51.2:1-51 provides the exclusive remedy for safety complaints rising to a level of a violation of law or regulation.

    **II.**    **Count II: Virginia Code § 40.1-51.2:1.**

In Count II, Wimmer alleges that he was terminated in violation of Virginia Code § 40.1-51.2:1, which prevents the discharge of an employee "because the employee has filed a safety or health complaint." To state a claim under § 40.1-51.2:1, an employee must claim that "(1) she has been terminated or retaliated against for (2) partaking in a protected activity, such

10

as reporting a safety and health complaint, and it was (3) related to the safety, health, and welfare of employees." Crews-Sanchez v. Frito-Lay, Inc., No. 22-1831, 2024 WL 469306, at *3 (4th Cir. Feb. 7, 2024)(granting summary judgment against a plaintiff who raised § 40.1-51.2:1 and § 40.1-27.3 claims because the plaintiff made a report to a third party – "not a supervisor, governmental official, or law enforcement official.").

This third element, "relat[ing] to the safety, health, and welfare of employees" reflects the ambit of Title 40.1. Title 40.1 is meant to protect employees, not other parties. See Va. Code § 40.1-3 ("The provisions of this title are intended to provide solely for the safety, health and welfare of employees and the benefits thereof shall not run to any other person."); McFarland v. Virginia Ret. Servs. of Chesterfield, L.L.C., 477 F. Supp. 2d 727, 737 (E.D. Va. 2007)(holding that "Section 40.1–51.2:1 is designed to ensure the safety and health of employees"); Easterbrooks v. Am. Red Cross, No. 2:17CV98, 2017 WL 3015809, at *2-3 (E.D. Va. July 14, 2017)("Title 40.1 of the Code 'is intended to provide solely for the safety, health, and welfare of employees' and 'shall not run to any other person.')(citing Va. Code § 40.1-3).

In his complaint, Wimmer alleges that he witnessed a procedure at work that left an employee standing under an unsecured load on the unprotected side of a forklift. Compl., ECF No. 1-1 ¶¶ 36-39. He alleges that he "believed there was a very high risk that the load could fall" onto the employee, which could "seriously harm or kill" an employee who was standing there. Id. ¶¶ 40-41. Wimmer further alleges that he informed his traffic supervisor about the concern, and that he was terminated as a result of his safety complaint. Id. ¶¶ 44-72. This set of allegations lays out facts to support a claim that Wimmer (1) was terminated

11

for (2) reporting a safety complaint, that was (3) "related to the safety, health and welfare of employees" at NMBS. Crews-Sanchez, No. 22-1831, at *3.

NMBS seeks to add another element to this analysis, requiring that a plaintiff must specify which part of Title 40.1 is being violated. NMBS argues that the first clause of § 40.1-51.2:1, "No person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint," is limited by its second clause, "or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others." Thus, NMBS argues that a successful claim under § 40.1-51.2:1 must specify "which safety or health provision, as found in Title 40.1 of the Virginia Code," was violated. ECF No. 6 at 5-6. Therefore, NMBS argues that Count II "should be dismissed because [Wimmer] has not pled sufficient facts to show how [NMBS]'s alleged practices violated the 'safety and health' provisions of Title 40.1 of the Virginia Code." ECF No. 5 ¶ 4.

Wimmer responds that Title 40.1 generally requires employers to furnish a workplace free of recognized hazards that are likely to cause serious physical harm:

> It shall be the duty of every employer to furnish to each of his employees safe employment and a place of employment that is free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees and to comply with all occupational safety and health rules and regulations promulgated under this title.

Va. Code § 40.1-51.1(A). See ECF No. 8 at 9.

The court agrees with Wimmer that the pleadings are sufficient as to Count II. Wimmer's allegation that the procedure he saw (ECF No. 1-1 ¶¶ 36-39) would likely "seriously harm or kill" an employee (Id. ¶¶ 40-41) places his complaint squarely within the requirements for a claim under § 40.1. NMBS cites to no case law in support of an additional pleading

12

requirement, ECF No. 6 at 5-6; ECF No. 9 at 6, and the court does not believe that the text of the statute, requiring only the filing of a safety or health complaint, mandates such pleading specificity.

Here, Wimmer alleges that he made a safety complaint and was fired as a result. His § 40.1-51.2:1 claim survives a 12(b)(6) motion to dismiss. The court therefore **DENIES** the motion to dismiss with respect to Count II.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to state a claim is **GRANTED** for Count I (Virginia Code § 40.1-27.3) and **DENIED** for Count II (Virginia Code § 40.1-51.2:1). Plaintiff is **GRANTED** leave of court to file an amended complaint within fourteen (14) days sufficiently alleging facts supporting his claim that Virginia Code § 40.1-27.3 was violated.

An appropriate order will be entered.

Entered: February 10, 2026

Michael F. Urbanski
U.S. District Judge
2026.02.10 10:51:32
-05'00'

Michael F. Urbanski
Senior United States District Judge

13